**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 21, 2024

LETTER TO PARTIES

RE: *Flor V. D. v. Commissioner, Social Security Administration*
Civil No. SAG-22-3200

Dear Plaintiff and Counsel:

Plaintiff, proceeding *pro se*, seeks judicial review of the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF No. 1. After reviewing the parties' dispositive briefs (ECF Nos. 17, 19) I have determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will affirm the SSA's decision. This letter explains my rationale.

## I. PROCEDURAL BACKGROUND

Plaintiff protectively filed claims for Disability Insurance Benefits and Supplemental Security Income benefits on November 7, 2017, alleging a disability onset date of May 1, 2015. Tr. 17. Her claims were denied initially and on reconsideration. Tr. 147–53, 160–65. On July 13, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–70. On September 24, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 14–36. The Appeals Council denied Plaintiff's request for review, Tr. 5–9, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

Plaintiff commenced this case on December 12, 2022. ECF No. 1. Defendant filed a motion to dismiss, which the Court denied on June 9, 2023. ECF Nos. 9, 15. The issue of whether to affirm or reverse the SSA's decision is now ripe for resolution.

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process. *See* 20 C.F.R.

§§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 1, 2015, the alleged onset date." Tr. 19. The ALJ found that Plaintiff had the following severe impairments: "lumbar and cervical degenerative disc disease, fibromyalgia, right shoulder tendinopathy/tendinitis, asthma, bilateral carpal tunnel syndrome, right middle finger trigger finger, ulnar nerve lesion, obesity, bipolar disorder, anxiety disorder, ADHD, and panic attacks." Tr. 20. The ALJ also found that Plaintiff's hypothyroidism and lipomas were non-severe. *Id.* At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot be exposed to hazards defined as climbing ropes, ladders, or scaffolds, using dangerous moving machinery or being exposed to unprotected heights. The claimant can frequently climb ramps/stairs, balance, stoop, kneel, crawl, and crouch. The claimant can frequently reach, handle, finger, and feel with bilateral upper extremities. The claimant can occasionally push/pull with all extremities. The claimant can occasionally be exposed to vibration, extreme heat, extreme cold, wetness, humidity, fumes, odors, dust, gases, and poor ventilation. The claimant is limited to simple, routine, and repetitive work, but not at a production pace. The claimant can maintain attention and concentration for periods of up to 2 hours, and can repeat this throughout the workday after customary breaks. The claimant can occasionally interact with the general public, coworkers, and supervisors. The claimant can make simple work decisions in a stable work environment, defined as very little change in work setting or work process.

Tr. 22. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 25–26. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

### III. LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat

less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

Because Plaintiff proceeds *pro se*, the Court must "liberally construe" her brief to "confirm [that] the [SSA] fulfilled [its] obligation to 'scrupulously and conscientiously probe into, inquire of, and explore . . . all the relevant facts' in the record of the unrepresented party." *Dawson v. Astrue*, No. RMG-11-1759, 2013 WL 239130, at *1 (D.S.C. Jan. 22, 2013) (quoting *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980)).

### IV. ANALYSIS

Plaintiff prepared her Complaint in English and testified in English during the July 13, 2021 hearing. *See* ECF No. 1; Tr. 37–70. However, her brief is written primarily in Spanish. *See generally* ECF No. 17. Although it is unusual for a party to submit a brief in a language other than English, the Court is aware of no authority that precludes a party from doing so. Moreover, the Court is satisfied that it fully comprehends Plaintiff's brief. Accordingly, the Court will rule based on the filings before it.

Having addressed this threshold issue, the Court turns to the substance of Plaintiff's appeal. In her brief, Plaintiff describes her various physical and mental impairments, including arthritis, fibromyalgia, insomnia, and depression. *Id.* at 2–3. She describes pain resulting from surgeries on her right arm and left elbow and states that she is awaiting a call from an orthopedist regarding a shoulder surgery. *Id.* at 3. Plaintiff also states that she has no strength in her hand, that she experiences pain from injections in her back, and that she has lost movement in her left knee. *Id.* at 3–4. The remainder of Plaintiff's brief describes her confinement to her apartment, her relationships with her family members, and her concerns regarding the prospect of living without the help of her daughter. *Id.* at 4–9. Defendant responds that remand is not warranted because Plaintiff "raises no specific challenge to the ALJ's decision, which at all times comported with the regulatory framework and was supported by substantial evidence." ECF No. 19 at 5.

While the Court appreciates the difficult nature of Plaintiff's circumstances, it must affirm the ALJ's decision. In an action seeking review of an SSA decision, "the burden of sustaining the claim for benefits is on the claimant[.]" *Adams v. Flemming*, 276 F.2d 901, 903 (2d Cir. 1960). Accordingly, the Court directed Plaintiff to file a brief "explaining the Social Security Administration's ("SSA") errors[.]" ECF No. 16. Instead of doing so, Plaintiff filed a brief which is largely a summary of her medical history. Indeed, Plaintiff makes no mention of the ALJ's decision and does not allege any error on the part of the SSA. Thus, even a liberal construction of her brief does not reveal a basis for reversal. The Court will therefore affirm the final decision of the SSA.

V.      **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a memorandum opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge